UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALETTA ANN R.,

               Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C24-5646-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred in evaluating medical opinions related to pain and depression, and in assessing her testimony and lay witnesses' statements. (Dkt. # 7.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 10.) Plaintiff filed a reply. (Dkt. # 11.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1965, has at least a high school education, and has worked as a counselor, teacher, and teacher aide. AR at 28-29, 62. Plaintiff was last gainfully employed in 2017. *Id.* at 257.

In February 2021, Plaintiff applied for benefits, alleging an amended disability onset date of April 10, 2019. AR at 17, 52-53. Plaintiff's date last insured was December 31, 2020. *Id.* at 19. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 17. After the ALJ conducted a hearing in October 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-29; 47-79.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, neuropathy, chronic pain syndrome, and causalgia. AR at 19. The ALJ found Plaintiff's depressive disorder non-severe because it did not require treatment beyond medication until after Plaintiff's date last insured. *Id.* at 20. The ALJ further found Plaintiff had the residual functional capacity ("RFC") to perform light work with postural and environmental restrictions. *Id.* at 23. With this RFC, Plaintiff could perform her past work and thus was not disabled. *Id.* at 28-29.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial

---

[2] 20 C.F.R. § 404.1520.

1  evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined

2  as "such relevant evidence as a reasonable mind might accept as adequate to support a

3  conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this

4  standard, the Court must consider the record as a whole to determine whether it contains

5  sufficient evidence to support the ALJ's findings. *Id.*

6  Although the Court evaluates the record as a whole, it is not permitted to reweigh the

7  evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th

8  Cir. 2021), *superseded by regulation on other grounds*. The ALJ is tasked with evaluating

9  testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record.

10 *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way,

11 the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the

12 error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154

13 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating

14 harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

15                                              **IV.    DISCUSSION**

16 Plaintiff contends the ALJ erroneously found her depression non-severe. (Dkt. # at 5-12.)

17 Plaintiff further contends the ALJ erred by failing to properly apply Social Security Ruling

18 ("SSR") 03-2p[3] to consider how her pain causes mental limitations. (*Id.* at 2-3.) Plaintiff

19 challenges the ALJ's assessment of several medical opinions, her testimony, and two lay

20 witnesses' statements. (*Id.* at 2-17.)

---

[3] SSR 03-2p addresses complex regional pain syndrome ("CRPS"), type I. Plaintiff refers to her severe impairments of chronic pain syndrome and causalgia together as CRPS. (Dkt. # 7 at 2-5.) It is unclear from the record whether SSR 03-2p applies here, as the literature Plaintiff cites indicates that causalgia is also known as CRPS, type II. *See* Charlie N. Nelson et al., *Causalgia: A military pain syndrome*, 53 Neurosurgical Focus (2022) (available at https://thejns.org/focus/view/journals/neurosurg-focus/53/3/article-pE9.xml) (last viewed Jan. 24, 2025).

ORDER - 3

**A.     The ALJ Did Not Harmfully Err at Step Two**

Plaintiff contends the ALJ erred by finding her depression non-severe at step two. (Dkt. # 7 at 5-12.) The Court need not directly address whether the ALJ erred at step two, because the ALJ found at least one severe impairment and continued on to later steps. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (Because the ALJ found in Plaintiff's favor at step two, she "could not possibly have been prejudiced" at that step.).

An ALJ's failure to properly consider an impairment at step two may be harmless, as long as the ALJ considered the functional limitations caused by that impairment in formulating the RFC. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Plaintiff contends the ALJ erred by failing to include depression-related limitations in the RFC. (Dkt. # 7 at 10, 12.)

Plaintiff cites treatment notes from mental health providers Alba Luz Grajales, LMHC, and Kishore S.H.M. Varada, PA-C, that diagnose severe depressive disorder.[4] *See* AR at 967, 972, 978, 984, 1002. Plaintiff notes that Ms. Grajales found sad/depressed and anxious mood and, in assessing suicide risk factors, noted "[c]urrently diminished concentration or indecision[.]" *Id.* at 966. These notes do not constitute a medical opinion as to whether Plaintiff had any work-related limitations. *See* 20 C.F.R. § 404.1513(a)(2) (a medical opinion is about "what [a claimant] can still do" and whether they have work-related limitations). Ms. Grajales did not indicate the degree to which concentration may have been diminished or that it would have affected Plaintiff's ability to work. Plaintiff thus fails to show the ALJ erred in the RFC assessment based on Ms. Grajales' or Mr. Varada's notes.

---

[4] Plaintiff also cites opinions by State agency consultants W. Miller Logan, M.D., on initial review and Carol Mohney, Ph.D., (whom the ALJ erroneously identified as Leah Holly, D.O.) on reconsideration, but these doctors opined no more than mild functional limitations. *See* AR at 92-93, 112-14.

ORDER - 4

### B.   The ALJ Erred in Evaluating Medical Opinions

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### 1.   Robert Morasch, M.D.

In September 2020, Dr. Morasch completed both mental and physical RFC evaluations. AR at 2028-40. In the mental evaluation, he identified a diagnosis of depression, which he stated responded adequately to medication. *Id.* at 2029-30. Dr. Morasch opined no limitations in "mental abilities and aptitudes needed to do even unskilled work." *Id.* at 2034. He opined no more than mild limitations in understanding and using information, interacting with others, maintaining concentration and pace, and adapting or managing oneself. *Id.* at 2035.

In the physical evaluation, Dr. Morasch diagnosed peripheral neuropathy, and identified depression as a psychological condition contributing to the severity of Plaintiff's symptoms and limitations. AR at 2037. Dr. Morasch opined Plaintiff's pain was "severe enough to interfere with the attention and concentration needed to perform simple work tasks" one-third of a workday. *Id.* at 2037. He opined Plaintiff would be off task 10% or less of the day. *Id.* at 2040. Asked if Plaintiff would be unable to obtain and retain full-time work because of her medical conditions, Dr. Morasch checked "No." *Id.*

The ALJ found persuasive Dr. Morasch's opinion that Plaintiff had "no limitations due to her depression, and very little interference in work functioning from her combined impairments[.]" AR at 21-22. The ALJ found this opinion was supported by Dr. Morasch's examination finding unremarkable mental presentation, and consistent with Plaintiff's "lack of

ORDER - 5

continued mental health treatment during this period." *Id.* at 22. In support, the ALJ cited generally to a 441-page treatment record. *Id.*

The ALJ did not address, or even acknowledge, Dr. Morasch's opinion that Plaintiff's pain interfered with attention and concentration a third of the time. An ALJ errs by finding a medical opinion persuasive but failing to include related limitations in the RFC. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion . . . , he errs."); Social Security Ruling ("SSR") 96-8p (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Failure to incorporate the attention and concentration limitation, or to provide reasons to reject it, constitutes error.

The Commissioner acknowledges Dr. Morasch's attention and concentration limitation, but contends the "remaining bulk" of Dr. Morasch's opinion weighs against a finding of disability. (Dkt. # 10 at 6.) The ALJ cannot simply ignore a specific limitation opined by a medical source, however. While portions of Dr. Morasch's opinion could be viewed as somewhat contradictory, it is the ALJ's role to interpret and resolve conflicts in the medical opinion evidence. *See Smartt*, 53 F.4th at 494-95. Moreover, the Commissioner's argument that the rest of Dr. Morasch's opinion somehow outweighs the attention and concentration limitation is not found in the ALJ's reasoning, and thus is an improper *post hoc* argument on which this Court cannot rely. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995). The Court concludes the ALJ erred by omitting Dr. Morasch's opined limitation on attention and concentration from the RFC without providing reasons supported by substantial evidence to do so.

        *2.     David Hanks, Ph.D.*

In September 2020, Dr. Hanks evaluated Plaintiff for treatment purposes. AR at 931. He diagnosed causalgia, pelvic pain, and lumbar radiculopathy, with a secondary diagnosis of dysthymia. *Id.* He reported clinical findings of "depressed mood due to chronic pain and being unable to work[.]" *Id.* at 932. Dr. Hanks opined Plaintiff could not maintain punctual attendance, work at a consistent pace without extra rest periods, and deal with normal work stress. *Id.* at 937. He further indicated moderate limitations (defined as "[l]imited but satisfactory") in remembering procedures, maintaining attention for two-hour segments, sustaining an ordinary routine without special supervision, completing a normal workday and work week, and responding appropriately to changes in routine. *Id.* He also noted no limitations in social interactions or with simple instructions. *Id.* Additionally, Dr. Hanks assessed that Plaintiff "will continue to be disabled because of chronic pain." *Id.* at 938.

The ALJ found Dr. Hanks' opinion "somewhat persuasive," accepting the portions of the opinion finding no limitations. AR at 22. The ALJ found difficulties in attendance inconsistent with Plaintiff's "admitted abilities to perform tasks, when motivated" and Dr. Morasch's opinion. *Id.* (citing *id.* at 284-91, 2028-36). An ALJ must provide valid reasons for crediting one opinion over another, however. *See Garrison*, 759 F.3d at 1012 ("Where an ALJ does not . . . set forth specific, legitimate reasons for crediting one medical opinion over another, he errs."). Here, the ALJ provided no reason for crediting Dr. Morasch's opinion over Dr. Hanks'.

A conflict between a medical opinion and a claimant's activity level can be a valid reason for rejecting the opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir 2001). In this case, the ALJ cited Plaintiff's August 2021 Function Report but did not specify which statements therein provided substantial evidence contradicting Dr. Hanks' opinion. *See* AR at 22. The

ORDER - 7

Commissioner argues Plaintiff stated she "could complete some tasks" such as driving, running errands with her husband, shopping, managing finances, reading, crafting, watching television, socializing, and playing games. (Dkt. # 10 at 13 (citing AR at 287-88).) The Commissioner fails to explain how these tasks undermine Dr. Hanks' opinion that Plaintiff would have attendance difficulties with a full-time job. Plaintiff reported she was "limited to at home hobbies." AR at 288. She would go to the doctor's office and grocery store only "if needed." *Id.* Plaintiff "can't drive far" and only goes out in public one to two times per week. *Id.* at 287. She has a "goal [but] not much success" at shopping weekly for one to two hours. *Id.* There is no indication that Plaintiff's hobbies and errands are remotely comparable to working 40 hours per week.

"The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer." *Garrison*, 759 F.3d at 1016 (quoting *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)). The ALJ failed to explain how Plaintiff's activities contradicted Dr. Hanks' opinion. The Court concludes the ALJ erred in rejecting the opinion without a valid reason supported by substantial evidence.

        3.    *Justin Stamschror, M.D.*

In September 2022, Dr. Stamschror performed a Comprehensive Psychiatric Evaluation and diagnosed unspecified mood disorder, unspecified anxiety disorder, and panic disorder with agoraphobia. AR at 1179-83. Dr. Stamschror opined Plaintiff's abilities to work at a sufficient pace, maintain attendance, and interact with others and adapt to usual stresses were "impaired." *Id.* at 1182-83.

The ALJ found Dr. Stamschror's opinion unpersuasive based on "little to no significant mental limitations" in treatment records and Dr. Morasch's opinion that mental impairments were not severe. AR at 22 (citing *id.* at 1694-2134). Neither the ALJ nor the Commissioner identify any specific treatment notes within the 441-page treatment record. The cited records generally address treatment for physical symptoms, though some note Plaintiff was "alert and oriented to person, place, and time" with "normal" behavior. *See, e.g.*, *id.* at 1710, 1717; *see also id.* at 2001 ("speech clear"; "cooperative with exam, good eye contact"). The ALJ did not explain how these superficial findings conflict with Dr. Stamschror's opinion, which was based on a thorough psychiatric assessment. *See id.* at 1179-82. Unspecified conflict with the record was not a valid reason to discount Dr. Stamschror's opinion.

Because the ALJ provided no reason to prefer Dr. Morasch's opinion, this was not a valid basis to discount Dr. Stamschror's opinion. The ALJ erred by finding Dr. Stamschror's opinion unpersuasive without a valid reason supported by substantial evidence.

    4.  *Accepted Opinions*

Plaintiff contends the ALJ erred by relying on: (1) Dr. Morasch's opinion except for the attention and concentration limitation discussed above; and (2) the opinion of testifying medical expert Steven Golub, M.D. (Dkt. # 7 at 4, 7-9.) Plaintiff argues the ALJ erred in finding Dr. Morasch's opinion consistent with the lack of mental health treatment because: (1) Dr. Morasch, a primary care provider, stated that "[f]urther limitation would necessitate a specialist[']s opinion"; and (2) Plaintiff had to find new doctors in 2019. (*Id.* at 8-9.) Plaintiff maintains Dr. Golub's opinion must be rejected because: (1) he expressly did not account for Plaintiff's pain due to CRPS; and (2) he did not review a nerve conduction study that would have objectively verified CRPS. (*Id.* at 4; dkt. # 11 at 4.)

The Court cannot conclude, as a matter of law, that the ALJ was required to reject these opinions. Dr. Morasch was an acceptable medical source and, although an ALJ may consider a source's specialization, no regulation or case law requires rejecting all opinions from non-specialists. *See* 20 C.F.R. § 1520c(b)(2). And even if the ALJ's other reasons for accepting Dr. Morasch's and Dr. Golub's opinions were erroneous, the ALJ was not required to reject them. An ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one. *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

An ALJ must, however, provide reasons to credit one medical opinion over another. *See Garrison*, 759 F.3d at 1012. Because, on remand, the ALJ will need to reevaluate the opinions discussed above that conflict with Dr. Golub's and portions of Dr. Morasch's opinions, the ALJ will have the opportunity to reconsider which opinions to credit.

### C.   The ALJ Erred in Evaluating Testimonial Evidence

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499. To reject third-party reports, the ALJ need only provide reasons that are germane to each witness. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012), *superseded on other grounds by regulation*, (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

During hearings in June 2023 and October 2023, Plaintiff provided extensive testimony regarding her symptoms and functional limitations. AR at 37-79. She also provided a written

function report and submitted third-party statements from her husband and friend. *Id.* at 284-91, 335-37. The ALJ found Plaintiff's testimony unpersuasive, citing five reasons. *Id.* at 24-26. First, the ALJ found the "degree of limitation asserted by the claimant is inconsistent with the medical record." *Id.* at 24-25. Second, the ALJ determined that Plaintiff's spinal implant effectively reduced her pain, contrary to her testimony. *Id.* at 26. Third, Plaintiff's testimony was inconsistent as to her ability to recall her symptoms and specific limitations related to the relevant period. *Id.* at 26. Fourth, Plaintiff's testimony about fatigue was inconsistent with medical records indicating a lack of fatigue. *Id.* And finally, Plaintiff's complaints about irritable bowel syndrome and bathroom urgency were "inconsistent with the lack of reports of these issues occurring during the relevant" period. *Id.* The ALJ also assigned little weight to the third-party reports from Plaintiff's husband and friend. *Id.* at 28.

      The ALJ's decision does not meet the requirements necessary to permit meaningful review. The ALJ noted that inconsistencies undermined the weight of Plaintiff's symptom reports but failed to specify which parts of the testimony lacked credibility and why. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (Noting that boilerplate statements are insufficient to "identify what parts of the claimant's testimony were not credible and why."). The ALJ must do more than offer non-specific conclusions that Plaintiff's testimony was inconsistent with her medical treatment. *Lambert*, 980 F.3d at 1277. Although the ALJ did provide a relatively detailed overview of Plaintiff's medical history, summarizing medical records "is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

ORDER - 11

The other reasons that the ALJ offered for finding Plaintiff's testimony unpersuasive likewise fail to hold up under scrutiny. For example, the ALJ inaccurately claimed that Plaintiff asserted her providers had to hope for a 50% improvement to authorize surgery, but she reported this degree of relief after the surgery. AR at 26. In reality, Plaintiff testified that the permanent implantation surgery took place after demonstrating at least 50% relief with a temporary implant (*id.* at 66), which is consistent with the medical record. *Id.* at 890. The ALJ also deemed Plaintiff's testimony inconsistent due to her occasional struggles to recall specific symptoms from the relevant period. *Id.* at 26. In contrast, the record shows that she consistently contextualized her testimony within the time frame after chemotherapy. *Id.* at 63-73. It was also unreasonable for the ALJ to expect flawless recall in light of Plaintiff's allegations of cognitive deficits. *See Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983), *superseded on other grounds by regulation*.

In addition, the ALJ found Plaintiff's statements about fatigue inconsistent with medical records indicating a lack of fatigue. AR at 26 (citing *id.* at 941, 948, 953, 959, 1043, 1741, 1999, 2001). However, the ALJ overlooked numerous instances where Plaintiff was observed with fatigue. *See*, *e.g.*, *id.* at 963, 1180, 1779. The fact that Plaintiff has "occasional symptom-free periods" is not inconsistent with her allegations of waxing-and-waning symptoms. *See Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995), *superseded on other grounds by regulation*; *see also Sara O. v. Comm'r of Soc. Sec. Admin.*, 2021 WL 4077781, at *2 (W.D. Wash. Sept. 8, 2021) (finding ALJ erred by relying on normal findings to discount plaintiff's fatigue). In the same way, the ALJ erred by dismissing Plaintiff's testimony about bathroom issues (AR at 26), despite objective medical evidence supporting her claims, including the removal of part of her intestine

due to cancer and other documented bathroom-related incidents. *Id.* at 55-56, 478, 485, 497-98, 802-08, 1187, 1324.

Consequently, the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony. For similar reasons, the ALJ erred in dismissing the third-party reports from Plaintiff's husband and friend. Although the ALJ briefly considered this evidence, he ultimately concluded that their statements were unsupported by the medical evidence of record. AR at 28. As previously outlined, this reasoning was fundamentally flawed; it did not establish the clear and convincing grounds required to reject Plaintiff's testimony, nor did it offer germane reasons to discount the reports from her husband or friend. *See Molina*, 674 F.3d at 1114.

**D.     Remand**

Plaintiff requests remand for an award of benefits because Dr. Hanks' or Dr. Stamschror's opinion, if credited as true, would support a finding of disability. (Dkt. # 7 at 17-18.) Plaintiff further argues this case presents exceptional facts in favor of benefits because she is 55 years old, highly educated, and consistently worked prior to the onset of her impairments. (*Id.* at 18.)

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). To determine whether such an award is appropriate, the Court applies a three-step framework. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler*, 775 F.3d at 1101 (internal citations and

ORDER - 13

quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Even if the Court concludes all three steps are satisfied, "it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Here, outstanding issues remain for the ALJ to resolve. Dr. Hanks' and Dr. Stamschror's opinions conflict with Dr. Golub's opinion and portions of Dr. Morasch's opinion. The ALJ must resolve this conflict. *See Ahearn*, 988 F.3d at 1115 ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.") (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In addition, even if Dr. Stamschror's opinion were accepted, the ALJ would need to determine how to interpret "impaired" into an RFC. *See* AR at 1182. Because unresolved conflicts remain in the record, remand for further proceedings is appropriate.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reassess Plaintiff's testimony, the lay witness statements, and Dr. Morasch's, Dr. Hanks', and Dr. Stamschror's opinions; reevaluate the RFC as appropriate; and proceed to steps four and five as needed.

Dated this 30th day of January, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge